**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

_____

In re:                                                                                    Chapter 11

                                                                                          Case No. 06-50421

NATTEL, LLC,

                    Debtors.

_____

APPEARANCES:

Craig I. Lifland, Esq.                                                        Attorneys for the Debtor
Lawrence S. Grossman, Esq.
Jeffrey M. Sklarz, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605

Patrick M. Briney , Esq.                                                  Attorneys for Oceanic Digital
Bruce J. Zabarauskas, Esq.                                            Communications, Inc.
Gerard S. Catalanello, Esq.
Thelen Reid Brown Raysman & Steiner, LLP
900 Third Avenue
New York, NY 10022
_____

**MEMORANDUM AND ORDER ON MOTION TO DISMISS
UNDER CODE § 1112(b), OR ABSTAIN UNDER CODE
§ 305(a), OR FOR RELIEF FROM THE AUTOMATIC STAY
UNDER CODE § 362 (d)(1)**

**Alan H.W. Shiff, United States Bankruptcy Judge**

Oceanic Digital Communications, Inc., seeks the dismissal of this case

under §1112(b)(1), or in the alternative, to abstain from hearing this case pursuant to § 305(a), or in the alternative, for relief from the automatic stay under § 362 (d)(1). For the reasons that follow, ODC's October 27, 2006 motion is denied.[1]

## BACKGROUND

On October 5, 2006, the debtor commenced this chapter 11 case. The debtor's primary asset is a minority interest in the stock of ODC, consisting of 667 shares. The debtor claims that the value of that estate property is in the range of tens of millions of dollars.[2] Property of the estate also includes various causes of action and a bank account containing $2,000. The debtor's debt consists of five unsecured claims, aggregating $406,185. The debtor is not an operating entity. Nonetheless, it argues that it can submit a confirmable liquidating plan which will satisfy all allowed claims.

.

## DISCUSSION

Section 1112 of the Bankruptcy Code, which governs dismissal of a bankruptcy case, provides in relevant part:

> (b)(1) . . . on request of a party in interest . . . and after notice and a hearing, absent unusual circumstances specifically identified by the court that has established that the requested . . . dismissal is not in the best interests of creditors and the estate, the court shall ... dismiss a case under this chapter ... if the movant establishes cause.

---

[1] On November 7, 2006, the court held a hearing on ODC's October 27, 2006 motion to dismiss. On that date, with the consent of the parties, the hearing was continued to December 12, 2006. Thereafter, the following "compelling circumstances prevent[ed] the court from meeting the time limit established by § 1112(b)(3)]" : a judges' meeting and a district court holiday event (December 15), trials and hearings on other matters (December 19 - 21, 27), the filing of post hearing memoranda (December 19), and Christmas (December 25).

[2] See record of the December 12, 2006 hearing on ODC's motion to dismiss.

ODC's motion states that this case was filed in bad faith because the debtor is not an operating entity, has no prospect for reorganization, and all of its debt arises out of litigation expenses. *ODC's Motion to Dismiss*, dated 10/27/06, page 2.  The motion also asserts that the motivation for commencing this case was to relitigate a controversy that has been decided by the May 16, 2003 order of the Supreme Court of the Bahamas and a February 11, 2004 American Arbitration Association award that was based on Bahamian law (collectively the "Bahamian Order"). *Id*.[3]   The debtor's November 21, 2006 objection states that it filed this case to protect the value of its ODC stock for the benefit of all creditors who will be paid in full upon the confirmation of an anticipated liquidating plan. *Debtor's Objection to ODC's Motion to Dismiss*, dated November 21, 2006, page 2.

The undisputed facts that the debtor is not an operating entity, has no prospect for a *rehabilitative* reorganization, and has debts consisting of the costs of litigation do not, by themselves, establish cause for dismissal of this case.  Liquidating plans, as contemplated here, are not *per se* filed in bad faith. *In re Jartran, Inc.*, 886 F.2d 859, 868 (7th Cir. 1989) (liquidating plans permissible under Chapter 11);  *In re Deer Park*, 136 B.R. 815, 818 (Bankr. Fed. App. 1992) ("liquidating plan qualifies as a reorganization under Chapter 11")*; In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1352 (5th Cir. 1989) ("Although Chapter 11 is titled 'Reorganization,' a plan may result in the liquidation of the debtor.").[4]

That leaves what appears to be the principal thrust of ODC's motion, i.e., this case was filed in bad faith because the debtor is attempting to use bankruptcy to relitigate a controversy that has been decided.  That argument , if successful, would eliminate the debtor's opportunity to raise here the issue of the preclusive effect, under

---

[3] See also *ODC's Exhibit Book In Support of Memorandum*, filed October 27, 2006, Exhibits G, H, I, and J.

[4] Chapter 11 expressly provides for liquidating reorganization plans. 11 U.S.C. § 1123(a)(5)(D).

the doctrine of comity or other legal theory, of the Bahamian Order on the value of its ODC stock. *See ODC's Exhibit Book*, Exhibits G, H, I, J, N, O.

Thus the unusual circumstances to establish that ODC's motion is not in the best interest of creditors and the estate are that the debtor must be given an opportunity to challenge the preclusive effect of the Bahamian Order . Moreover, the debtor has argued that it intends to preserve the fair market value of its ODC stock and pay all allowed claims under a liquidating plan.[5]

## CONCLUSION

For the foregoing reasons, ODC's motion to dismiss is denied, and for the same reasons, its motions for abstention and relief from the automatic stay are denied, and IT IS SO ORDERED.

Dated: December 28, 2006

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge

---

See record of the December 12, 2006 hearing on ODC's motion to dismiss.